[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10554
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24011-FAM

JONATHAN TORRES-BONILLA,

Plaintiff - Appellant,

versus

CITY OF SWEETWATER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2020)

Before GRANT, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Jonathan Torres-Bonilla appeals from the district court's order granting

summary judgment in favor of the City of Sweetwater, on his § 1983 claim alleging

that police in Sweetwater, Florida employed an unofficial custom or practice to illegally seize his property in violation of the Fourth Amendment.[1]  In adopting the magistrate judge's Report and Recommendation that summary judgment be granted, the district court held that Torres-Bonilla had failed to demonstrate a genuine dispute of material fact about any unofficial customs or practices employed by the City of Sweetwater.  On appeal, Torres-Bonilla reiterates his claim that his property was illegally seized by the police and that this kind of misconduct was rampant in Sweetwater.  After careful review, we affirm.

At the summary judgment stage, "[w]e review de novo a district court's order granting summary judgment, taking all of the facts in the record and drawing all reasonable inferences in the light most favorable to the non-moving party."  Peppers v. Cobb County, 835 F.3d 1289, 1295 (11th Cir. 2016) (citations omitted).  After review, "[s]ummary judgment is proper where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(a)).  But a genuine dispute cannot be created "by simply relying on legal conclusions or evidence which would be inadmissible at trial.  The evidence presented cannot consist of conclusory allegations or legal

---

[1] See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  The district court dismissed another claim involving a failure to train, but Torres-Bonilla did not raise that issue on appeal.

conclusions." Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991) (citation omitted).

Under Monell, a municipality "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. at 690-91. To succeed on a Monell claim, Torres-Bonilla must show "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (quotations omitted). Demonstrating a single, isolated constitutional violation does not suffice to demonstrate a custom or practice. See Okla. City v. Tuttle, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy . . . Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved."); Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) ("random acts or isolated incidents are insufficient to establish a custom or policy").

In framing his Monell claim to the district court, Torres-Bonilla relied on the bare assertions he made in his response to the motion for summary judgment that:

3

(1) Sweetwater employed Detectives William Garcia and Octavio Oliu, and "[d]uring the course of the employment of both Officers Garcia and Oliu with the City of Sweetwater, Officers Oliu and Garcia committed several illegal seizures"; (2) following his arrest, Torres-Bonilla's attorney met with officers Oliu and Garcia, and his attorney relayed that he was told Torres-Bonilla would be arrested if he did not sign over the property at issue; (3) his attorney participated in a sting by the police corruption unit and wore a wire to one meetings with these same officers;[2] (4) at some point, a judge ordered Torres-Bonilla's property returned to him; and (5) "the Defendant's agency remained under investigation by the Miami-Dade County Public Corruption Unit for illegal police misconduct."  His response to the motion for summary judgment then concluded, without any support, that "the Defendant furthered an unconstitutional custom, practice, and procedure of illegally seizing an arrestee's personal property," and that "[t]he record is clear that the City of Sweetwater had unofficial customs, policies, and procedures of illegally seizing arrested persons property and that genuine issues of material fact exist."

---

[2] In Torres-Bonilla's first version of his complaint, and in his response to the motion for summary judgment, he alleged that at this meeting Oliu said: "my police station is a very small police station and the way we make our money is by taking things from people like you. All you gotta do is sign this paper and I will let you out right now."  However, this factual allegation was not reincorporated in the Second Amended Complaint, despite clear instruction by the district court that all factual allegations be reincorporated.  Regardless, Torres-Bonilla never made this claim in the form of an affidavit or deposition, so it must be disregarded as a conclusory allegation in any event.

The only evidence Torres-Bonilla cited, in support of any of these assertions, was a deposition of his own attorney that relayed that the detectives had offered to drop the charges against Torres-Bonilla if he did not seek the return of his property. Torres-Bonilla, however, was not deposed himself and did not offer an affidavit. Further, Torres-Bonilla did not contest any of Sweetwater's statement of undisputed material facts, which provided that Sweetwater had maintained established policies concerning police conduct, and instituted several training programs.

On this sparse summary judgment record, Torres-Bonilla has failed to put forth any evidence in support of his claim that Sweetwater employed any unofficial customs or practices to illegally seize evidence, and has fallen far short of creating a genuine dispute of material fact concerning this claim. At most, his attorney's deposition demonstrated that some violation occurred against Torres-Bonilla. But this is not enough to create a genuine dispute that this kind of activity was "a widespread practice . . . so permanent and well settled as to constitute a custom or usage with the force of law." Brown, 923 F.2d at 1481 (quotations omitted). To the extent his attorney touched on broader customs or practices, much of the deposition amounted only to speculation and inadmissible hearsay. For example, in response to a question about an inappropriate relationship between the city and a towing agency, his attorney stated, "this is hearsay for me based on what I heard from police officers who were investigating Sweetwater. I have no personal knowledge of this

5

scheme."  As for Torres-Bonilla's allegation that the officers who arrested him are currently facing criminal sanction, he again offers no evidence.  His most powerful allegation is that these same officers were being investigated by the corruption unit, but only offers his lawyer's deposition in support, which includes no valuable information beyond saying he met with corruption officers multiple times, and wore a wire on one occasion.

In short, Torres-Bonilla has offered only conclusory claims that there was an unwritten custom accepting illegal seizures more broadly, but has not backed them up with any evidence.  On this record, no reasonable jury could find there was a "widespread" unofficial practice "so permanent and well settled as to constitute a custom or usage with the force of law."    Brown, 923 F.2d at 1481 (quotations omitted and emphasis added).  Accordingly, Torres-Bonilla has not provided sufficient evidence to create a genuine dispute based on his claim, and we affirm the district court's grant of summary judgment in favor of the City of Sweetwater.

**AFFIRMED**.